WEIMER, J.,
additionally concurring.
|TI subscribe to the majority’s opinion. I write separately to emphasize the legislative source of public policy which forms the basis of this court’s analysis of negligent spoliation.
In a civil law system, the role of the judiciary is to evaluate statutory authority in determining either to impose or not impose a duty.[1] The plaintiff has not *601 pointed | gto any statutory authority, nor has statutory authority been found, to establish a general duty for a third party to retain property which may be the subject of litigation.
Although La. C.C. art. 2315, the fountainhead of tort liability, contains broad terms, none of those terms directly addresses negligent spoliation. However, the legislature further authorizes courts, when the legislature has not spoken directly on a matter, to turn to custom for a solution.[2] Failing to find a solution from custom, courts are then authorized by the legislature to “proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usage.”[3]
In the present case, this court’s analysis has applied these codal principles within the concept of making a policy determination. It is only where the legislature has not spoken and there is no custom, or the legislature has deferred to the judiciary that we are authorized to resort to equity for discerning policy. Thus, I respectfully concur.

. See La. C.C. art. 1 ("The sources of law are legislation and custom”); La. C.C. art. 3 (“Custom may not abrogate legislation.”).

. See La. C.C. art. 3.

. La. C.C. art. 4.